

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2004

# Kosim v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2786

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Kosim v. Atty Gen USA" (2004). *2004 Decisions.* Paper 324.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/324

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-2786

BROTOSENO KOSIM,
Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States,
Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A79-308-030

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2004

Before: RENDELL, FUENTES, and SMITH, Circuit Judges.

(Filed: September 28, 2004)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Brotoseno Kosim, a native citizen of Indonesia, petitions for review of the Board

of Immigration Appeals' ("BIA's") decision denying his application for asylum,

withholding of removal and protection under the Convention Against Torture ("CAT").

The BIA affirmed without opinion the finding of the Immigration Judge ("IJ") that Kosim

lacked credibility based on inconsistent statements made in his testimony and his written

asylum application statement. In an alternative ruling, the IJ concluded that even if his

testimony were deemed credible, Kosim had failed to establish eligibility for asylum.

Thus, the IJ stated that it was unnecessary for him to decide whether asylum was

appropriate as a matter of discretion. We have jurisdiction under 8 U.S.C. § 1252. We

will deny Kosim's petition for review.

I.

Kosim, an ethnic Chinese, was the sole witness at his asylum hearing where he

provided a narrative of his experiences in Indonesia. From that narrative, we extract the

following relevant facts. In August 1997, Kosim was employed as an assistant supervisor

at a shoe factory in Jombang, East Java. Because he was fluent in both Mandarin and

Indonesian, the owner and manager depended on Kosim to communicate with the workers

who spoke only Indonesian. Kosim testified that the employees went on strike when an

employee was fired for stealing. According to Kosim, many of the workers in the factory

were angry with him because they felt he had not done enough to get the fired employee

rehired. While standing with a group of supervisors discussing the demands of the

striking workers, Kosim was allegedly punched in the cheek. As a result of this incident,

Kosim fled and did not return to work for several days.

On May 20, 1998, Kosim was robbed and beaten at an intersection in Jakarta while riding his motorcycle. Kosim testified that the beating was stopped by an Indonesian Marine who intervened. As a consequence of the beating, Kosim suffered a bloody scratch to his right chest for which he did not seek medical attention. Kosim did not report the incident to the police.

In June of 1998, Kosim left his job at the shoe factory and began working for Golden Sea Trading Company. Kosim testified that his boss told him to take care of a situation involving employees who were suspected of cheating the company. Kosim contends that when he did so, the workers became angry with him and verbally fought with him. In addition to these events, Kosim also testified that when he was about eleven years of age, the other students in his class discriminated against him and hit him.

In his oral decision, the IJ denied Kosim's asylum application based on a finding that Kosim's testimony was not credible.[1] The IJ made an alternative finding that, even if the testimony had been credible, Kosim failed to produce any evidence to meet his burden that he had suffered past persecution, or that he had a well-founded fear of future persecution, on account of his Chinese ethnicity in Indonesia. The BIA summarily

---

[1]Because the IJ rejected Kosim's asylum application based on his adverse credibility finding, and alternatively on the merits, the IJ also concluded that Kosim failed to satisfy the more exacting burden of proof required for withholding of removal or protection under the CAT. We need not examine the IJ's decision regarding these alternate forms of relief as Kosim does not challenge them before us.

affirmed the IJ's opinion pursuant to 8 C.F.R. § 1003.1(e)(4).

On appeal, Kosim raises two issues. First, he urges that the IJ erred in his finding of adverse credibility. Second, he contends that he deserves a "favorable exercise of discretion" in the form of a grant of asylum. Notably, Kosim does not challenge the IJ's alternate finding that, on the merits, he failed to produce evidence to establish eligibility for asylum.

## II.

The Attorney General may grant asylum to any alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1101(a)(42)(A). The burden to prove eligibility for asylum lies with the applicant, who must establish past persecution or a genuine fear of persecution that a reasonable person in the same circumstances would share. The applicant's own testimony may be sufficient to establish eligibility for asylum, as long as the testimony is credible. See 8 C.F.R. § 208.13(a).

Where the BIA issues a summary affirmance, we review the IJ's decision as if it were the decision of the BIA. Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc). Our review is limited to ensuring that any findings made by the IJ are supported by substantial evidence. Id. We may reverse the IJ's decision only if "any reasonable adjudicator [would] be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

4

This Court "will not disturb the IJ's credibility determination and findings of fact if they are 'supported by reasonable, substantial and probative evidence on the record considered as a whole.'" Tarrawally v. Aschroft, 338 F.3d 180, 184 (3d Cir. 2003) (quoting Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998)). It is clear that adverse credibility determinations of an IJ based on speculation or conjecture, rather than on evidence in the record, are reversible. Gao v. Aschroft, 299 F.3d 266, 272 (3d Cir. 2002).

III.

The IJ found that Kosim's testimony was not credible, stating that there were too many inconsistencies with respect to important issues and facts between his asylum application and his testimony at the hearing. Kosim challenges that finding, arguing that the IJ's determination was based on speculation and was not supported by substantial evidence. We disagree.[2]

The record shows several inconsistencies between Kosim's testimony and his asylum application, as noted by the IJ. We have stated that an IJ should be careful before placing too much weight on a discrepancy between an asylum application and subsequent testimony. Zubeda v. Ashcroft, 333 F.3d 463, 476-77 (3d Cir. 2003). However, we have

---

[2]After challenging the credibility determination in this case, Kosim proceeds to urge us to conclude that the IJ should have exercised his discretion by granting asylum. However, an IJ may only do so after finding that an alien is statutorily eligible for asylum in the first instance. Here, the IJ found that, on the merits, Kosim had not met his burden and was therefore ineligible. As we have indicated, Kosim does not challenge this in his petition for review. Therefore, we may not disregard the IJ's finding of ineligibility and proceed to review a discretionary decision that the IJ himself did not make.

stated that substantial evidence supports a finding of adverse credibility where the record contains unexplained inconsistencies between the asylum applicant's written statement and his testimony that are material, substantial, and go to the heart of the case. See Xie v. Ashcroft, 359 F.3d 239 (3d Cir. 2004). In this case, while Kosim did acknowledge his failure to mention certain events found in his asylum application, during his direct testimony he failed to provide any persuasive explanation for the discrepancies.

For example, Kosim testified to the court that in August of 1997 he was an assistant supervisor in a shoe factory in Jombang where the employees were both Chinese and Indonesian. Kosim's application for asylum states that the workers were all Indonesian. When questioned on cross-examination about the inconsistency, he could not offer an explanation. Kosim blamed any discrepancies between his statements on "whoever accompanied him to his interview with his first attorney." The IJ rejected this explanation and found it implausible that, as a supervisor, Kosim would not have known the ethnic makeup of the factory, especially when his ethnicity was at the heart of the claimed persecution.

Kosim further testified that during the May 29, 1998 attack, he was saved by an Indonesian Marine. However, Kosim's application made no mention of this fact. Likewise, he told the court that his motorcycle was damaged and had to be pushed to a friend's home, while his application stated the he used the damaged motorcycle to get away. In addition, the government noted on cross-examination discrepancies between

6

Kosim's testimony and asylum application regarding the distance between two Indonesian cities. The government also noted that Kosim's application failed to mention anything with respect to either of his jobs relating to a workers' strike or a situation in which employees were cheating the company. Apparently, Kosim provided no explanation for these discrepancies.

Finally, when questioned about why he never mentioned in his direct testimony an episode contained in his application where he was robbed at knife point by native Indonesians while he was driving in his car, Kosim stated that he forgot to mention it "because he was nervous." The IJ again was unconvinced that Kosim would forget to include such a traumatic event.

We are convinced that the IJ's credibility determination rested upon substantial evidence in the record. Kosim's claim of persecution is based on his descriptions of specific events that contain unexplained discrepancies, omissions, and inconsistencies. In each case, when asked to reconcile the testimonial inconsistencies and omissions, Kosim offered unsatisfactory explanations.

Accordingly, we will DENY the petition for review.